STOULIG, Judge
(dissenting).
I respectfully dissent on the issue of negligence of Mrs. Shirley Wilson.
I am unable to visualize how the drivers of both vehicles could have been concurrently negligent regardless of whose version of the accident is accepted. Either Mr. Breaux was negligent for failing to keep a proper lookout and ascertain it was safe to change lanes, as the trial court found, or Mrs. Wilson was solely negligent in failing to apply her brakes and take the necessary preventative measures to avoid the collision, as the trial court also found.
I am unable to reconcile the trial court’s specific finding of Mrs. Wilson’s negligence with the physical location of the damages to the vehicles involved — the left front fender of the Wilson car and the right rear door of the Breaux car. If Mrs. Wilson was in the process of changing from the right lane and the Breaux vehicle in front of her was also undertaking the same maneuver, as the trial court found, it is highly improbable that the vehicles would have collided-in the damaged areas.
While I am mindful of the well-recognized principle of appellate review that findings of fact of the trial court are not to be disturbed unless manifestly erroneous, this does not preclude an appellate evaluation of the credibility of witnesses and the conclusions of fact as they relate to the uncontroverted physical circumstances of the accident.
For these reasons I am of the opinion the judgment of the trial court should be reversed insofar as it holds Mrs. Wilson liable.